IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Quincy Lowery, #283900 )<br>                              )<br>                    Petitioner, )<br>                              )<br> v.                           )<br>                              )<br> Robert Stevenson, Warden     )<br> of Broad River Correctional  )<br> Institution,                 )<br>                              )<br>                    Respondent[1]. )<br>                              ) | Civil Action No.8:08-2526-GRA-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Dkt. # 26) and the petitioner's motion for a voluntary dismissal and permission to re-file (Dkt. # 34).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on July 8, 2008.[2] On February 6, 2009, the respondent moved for summary judgment. By order filed February 9, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 4, 2009, the petitioner filed a motion for a

---

[1] The undersigned notes that since the petitioner was transferred to the Evans Correctional Institution ("ECI") after he filed this habeas action, (see dkt. #30), the Warden of ECI should be substituted for the Warden of the Broad River Correctional Institution.

[2] This date reflects that the envelope containing the petition was date stamped as having been received on July 8, 2008, at the Broad River Correctional Institution mailroom. (Pet. Attach. # 1.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

voluntary dismissal. On May 26, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

## I. **PROCEDURAL HISTORY**

The petitioner is currently incarcerated at the ECI. In March 2002, the Marlboro County Grand Jury indicted the petitioner for armed robbery. (App.964-65.) The petitioner was represented by Frank E. Cain, Jr., at trial. The petitioner was tried by a jury with the Honorable Edward B. Cottingham presiding. The petitioner was found guilty as charged and on May 3, 2002, Judge Cottingham sentenced him to twenty-one (21) years. (App. 830.) The petitioner filed a direct appeal.

Appellate Defender Robert M. Pachak filed an *Anders*[3] brief, raising the following issue: Whether the trial court erred in allowing the victim of the armed robbery to make an in court identification of appellant from her view of him from a bond hearing when she could not identify him independently from the scene of the crime? On April 23, 2003, the petitioner filed an "Appellant Pro Se brief" in which he raised the following issues:

> 1) the trial court misallocated the burden of proof by instructing the jury to acquit if the evidence demonstrated a "real possibility" of innocence;
>
> 2) the trial court denied Lowery the right to a fair and impartial jury because the jury instructions left the jurors with no choice but to find him guilty;
>
> 3) the trial court's extrajudicial remarks at the time of sentencing demonstrated the court's bias and resulted in a sentence plainly violative of his rights;
>
> 4) defense counsel breached Lowery's fiduciary duty to shield confidences concerning his alibi defense;
>
> 5) Lowry was denied the effective assistance of counsel because his attorney failed to refute a number of the state's claims; and

---

[3]*Anders v. California,* 386 U.S. 738 (1967).

6) the trial court lacked subject matter jurisdiction.

The Court of Appeals dismissed the appeal in an unpublished opinion, *State v. Lowery*, Op. No. 2003-UP-644 (S.C. Ct. App. filed November 4, 2003). The remittitur was issued on December 5, 2003. The petitioner did not file for a rehearing or petition for certiorari review.

On May 13, 2004, the petitioner filed an application for Post-Conviction Relief ("PCR"), raising the following issues for relief:

> 1) the trial court misallocated the burden of proof by instructing the jury to acquit if the evidence demonstrated a "real possibility" of innocence;
>
> 2) the trial court denied Lowery the right to a fair and impartial jury because the jury instructions left the jurors with no choice but to find him guilty;
>
> 3) the trial court's extrajudicial remarks at the time of sentencing demonstrated the court's bias and resulted in a sentence plainly violative of his rights;
>
> 4) defense counsel breached Lowery's fiduciary duty to shield confidences concerning his alibi defense;
>
> 5) Lowery was denied the effective assistance of counsel because his attorney failed to refute a number of the state's claims; and
>
> 6) the trial court lacked subject matter jurisdiction.

(App. 846-863.)

On October 11, 2005, an evidentiary hearing was held before the Honorable Paul M. Burch. The petitioner was present and represented by Delton W. Powers, Jr. At the hearing, the petitioner proceeded only on the claims of ineffective assistance of counsel. (App. 952.) On October 24, 2006, Judge Burch denied the petitioner relief. (App.950-56.) The petitioner filed a motion to alter and amend and for reconsideration. (App. 958-960.) On December 14, 2005, this motion was denied. (App. 963.) The petitioner appealed the denial of PCR.

On appeal, the petitioner was represented by Appellate Defender Wanda H. Carter. On February 20, 2007, Carter filed a petition for writ of certiorari raising the following grounds:

> 1. Trial counsel erred in failing to object to a charge of the facts of the case.
>
> 2. Trial counsel erred in failing to object to the trial judge's coercive Allen charge.

(Pet. for Writ of Cert. 2.)    On January 9, 2008, the Supreme Court of South Carolina entered its letter order that the petition was denied. On January 25, 2008, the remittitur was issued.

In this habeas action the petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Ineffective assistance of counsel.
> **Supporting Facts:** Counsel was ineffective for failure to object and preserve for appellate review the trial court's admission of the Magistrate's highly prejudicial testimony regarding the comment Petitioner allegedly made concerning a "mask."
>
> **Ground Two:** Counsel was ineffective for failing to move that his case be severed from that of his co-defendant.
> **Supporting Facts:**   Petitioner contends that he would have faired much better had his case been severed and tried separately from his co-defendants. Their directly linking Petitioner to the alleged crime other than statements made by alleged co-defendants.
>
> **Ground Three:** Counsel was ineffective for failing to raise and argue the defense of accomplice liability where Petitioner was never a participant in the robbery per se.
> **Supporting Facts:** [Blank][4]

---

[4]He asserts that appellate counsel in his PCR appeal chose not to raise this claim. Pet. 9 § Ground 3 (c) (2).

## II. **APPLICABLE LAW**

**A.  Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.

Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**B. HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

**C. EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.

6

The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

I.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the

7

state courts before he can proceed on the claim in this court.  The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal.  SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application.  S.C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527,

533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

    iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met

and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

    iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. DISCUSSION

For the reasons set forth below, the undersigned recommends that the Court deny the petitioner's motion for a voluntary dismissal without prejudice; grant the respondent's motion for summary judgment; and dismiss the petitioner's habeas petition.

**A. Habeas Petition**

The respondent contends that all of the grounds raised in this habeas petition were procedurally defaulted in state court and thus are barred from consideration on habeas review. The undersigned agrees.

The three grounds which the petitioner raises in his habeas petition were not raised in the state courts. The petitioner acknowledges that the claims he raised in his petition are procedurally barred and for that reason has filed a voluntary motion to dismiss with permission to re-file, which is discussed below.

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. As the petitioner has not shown cause and prejudice as to these claims, or that he is actually innocent of the crimes for which he was sentenced, the issues raised in this habeas petition are procedurally barred from review on the merits here.[5]

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the

---

[5]The petitioner argues that his "institutional" counsel failed to raise additional issues, but, as to the claims raised in the original petition, he does not contend that there is any cause for the default and actual prejudice, or demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice.

11

undersigned will not discuss the merits of the grounds raised in this habeas petition as all the grounds raised in the habeas petition are procedurally barred.

## B. Motion for Voluntary Dismissal

The petitioner seeks a voluntary dismissal and permission to re-file so that he can raise additional claims for relief. The petitioner characterizes this motion as one which would allow him "to correct his application for habeas corpus relief by re-submitting it with the cognizable issues that have actually been exhausted in the state court." (Pet'r's Mem. Opp. Resp.'s Summ. J. Mot. at 2.)

Pursuant to Federal Rules of Civil Procedure 41(a)(1) & (2), a plaintiff may not voluntarily dismiss his action without order of the Court after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) allows the Court after this time to dismiss the action upon such terms as the court deems proper.

In the present case, the court is of the opinion that factors weigh against the granting of the petitioner's motion. First, the respondent has already expended time and expense in reviewing the case, preparing a concise and well-written return and memorandum, and compiling and copying the relatively lengthy state court record from this trial. Further, if the motion is granted, and the petitioner refiles a new habeas petition, it would surely be barred by the statute of limitations.

The AEDPA establishes a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, If the current matter is dismissed without prejudice, the time that the current federal habeas petition has been pending in this Court would not be tolled for purposes of the federal statute of limitations under 28 U.S.C. § 2244. *See Duncan v. Walker*, 533 U.S. 167 (2001). Thus, the petition would not be timely. Additionally, there is no evidence that warrants equitable tolling. *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003),

Even if this motion were liberally construed as a motion to amend the habeas petitioner, the undersigned concludes such an amendment should be denied. Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, Rule 15(c)(2) addresses whether an amendment of a pleading relates back to the date of the original pleading. "The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA". *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000) (*citing United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)). Once the statute of limitations has expired, allowing the amendment of a habeas petition with additional grounds for relief would defeat the purpose of the AEDPA. *See United States v. Thomas,* 221 F.3d 430, 436 (3d Cir. 2000)) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.").

Here, the new claims which the petitioner would now like to include would be time barred unless they "relate back" to petitioner's timely filed petition. The petitioner appears to be attempting to add new claims or "insert a new theory into the case," and thus these new claims would not relate back to petitioner's original petition. Therefore, notwithstanding any statute of limitations issue, this court would be required to treat the petitioner's attempt to raise these new claims as a second or successive petition under 28 U.S.C. § 2254, and transfer the motion and the proposed amended petition to the Fourth Circuit Court of

Appeals for that Court's determination whether to authorize this court's consideration of such a claim. *See* 28 U.S.C. § 2244(b)(3) (procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court). Thus, to the extent that the petitioner is seeking to amend his petition to add additional claims, this motion should also be denied.

## IV. CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 26) be GRANTED; the Petitioner's Motion Voluntary Dismissal (Dkt. # 34) be DENIED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

*/s/ Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

June 2, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).