UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Quincy A. Lowery, #283900, ) | |
| ) | C/A No. 8:08-2526-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Robert Stevenson, Warden of Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on June 2, 2009. The petitioner originally filed for relief under 28 U.S.C. § 2254, on July 8, 2008. The respondent filed a motion for summary judgment on February 6, 2009. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 9, 2009, advising the petitioner about the consequences of failing to respond to the respondent's motion. On May 4, 2009, the petitioner filed a motion to voluntarily dismiss the case. The plaintiff wants to perfect his pleading and file the case again without it being outside the statute of limitations.

The magistrate recommends granting the respondent's motion for summary judgment. The petitioner filed objections on June 19, 2009. For the reasons stated herein, notwithstanding the petitioner's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

## **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner filed timely objections.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see*

*United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). This Court will construe the petitioner's objections liberally, but it will only address the petitioner's one specific objection. The remainder of his objections are conclusory and will not be addressed by this Court.

## Objection

Petitioner objects to the magistrate's assertion that he would be outside of the time for filing a *habeas* petition if the Court were to dismiss his petition and allow him to refile. He stated in his motion to dismiss that he needed to add additional claims to his petition. However, if the Court were to dismiss the case and allow the petitioner to file his *habeas* petition for a second time, it would be barred by the one year statute of limitations as the statute of limitations has already passed. The one year statute of limitations is not jurisdictional. It is subject to equitable tolling in appropriate exceptional circumstances. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616 (3rd Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir.

1998). The Supreme Court has held that "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 1085 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner's unfamiliarity with the law is not an extraordinary circumstance for purposes of equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). The statue is also not tolled while the *habeas* petition is pending in federal court. The petitioner not presented any evidence that would allow the statute of limitations to be tolled in his case. The petitioner's objection is without merit.

### **Conclusion**

After reviewing the record, the Report and Recommendation, and the petitioner's objection, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's motion for summary judgment be GRANTED.

IT IS ALSO ORDERED that the motion for voluntary dismissal be DENIED.

IT IS ORDERED that the petition be dismissed WITH PREJUDICE.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　G. Ross Anderson, Jr.
　　　　　　　　　　　　　　　　　　Senior United States District Judge

July  10 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**